**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                           **CASE NUMBER: 05-81027
HONORABLE VICTORIA A. ROBERTS**

**ALONZO BATES,**

    **Defendant.**
_____/

## ORDER DENYING DEFENDANT'S SUPPLEMENTAL MOTION FOR NEW TRIAL

**I. INTRODUCTION**

    This matter is before the Court on defendant Alonzo Bates' Supplemental Motion for a New Trial under Federal Rule of Criminal Procedure 33 (Doc. #95). The motion alleges that Defendant's trial attorney was ineffective for not investigating evidence that Verenda Arnold could have provided exculpatory evidence at Defendant's trial. The exculpatory information is Arnold's allegation that Defendant was unaware Arnold was not working her assigned number of hours. The "new evidence" is Bates' trial counsel's alleged ineffectiveness for failing to present her testimony.

    Arnold made her assertion prior to Defendant's trial during a debriefing interview with the Government and federal agents. An agent who took notes at the debriefing did not include Arnold's assertion in the final "302" report which purportedly summarized the meeting. Defendant received the 302 during discovery prior to trial, but did not learn of the omitted statement until after trial when he requested a copy of the handwritten notes. The Government's failure to disclose Arnold's statement was the subject of

Defendant's first Motion for a New Trial. The Court denied it in an Order entered July 26, 2007.

## II.  RULE 33

Rule 33 governs new trials:

> **(a) Defendant's Motion.**  Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.  If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
>
> **(b) Time to File.**
>
> > **(1) Newly Discovered Evidence.**  Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.  If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
> >
> > **(2) Other Grounds.**  Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.

"The defendant bears the burden of showing that a new trial ought to be granted."  *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991).  "The decision to grant or deny a motion for new trial rests within the district court's sound discretion" and will not be reversed "absent a clear abuse of discretion."  *Id.*

## III.  DISCUSSION

The jury reached a verdict on August 31, 2006, but Defendant did not file his Supplemental Motion for New Trial until August 1, 2007.  The seven-day period of limitations in Rule 33(b)(2) "is a jurisdictional limit on the district court's power to act." *United States v. Miller*, 869 F.2d 1418, 1420 (10th Cir. 1989) (quoted in  *United States*

2

*v. Vincent*, 20 F.3d 229, 237 (6th Cir. 1994)). Defendant, however, argues that his motion is based on newly discovered evidence of his attorney's ineffectiveness and that his motion is timely under Rule 33(b)(1) because it was filed within three years of the jury's verdict.

In opposition, the Government argues that Defendant's motion is untimely because it was not filed within seven days of the jury's verdict as required by Rule 33(b)(2). Secondly, the Government asserts that trial counsel's alleged ineffectiveness does not constitute newly discovered evidence. Finally, the Government says that even if the Court examined counsel's trial approach under the applicable standard, Bates cannot satisfy the test to receive a new trial.

Generally, a claim of ineffective assistance should be raised in a post-conviction motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990). Motions for a new trial based on newly discovered evidence generally are disfavored, *United States v. Sims*, 156 F. Supp.2d 655, 659 (E.D. Mich. 2001) (Gadola, J.), and "should be granted with caution," *Seago*, 930 F.2d at 488.

Courts have narrowly construed Rule 33 "by placing limitations on the new evidence that may warrant the grant of a motion for new trial." *Seago*, 930 F.2d at 488. To obtain a new trial based on newly discovered evidence, "[t]he defendant must establish the following: (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce acquittal." *Id.* (citing United *States v. O'Dell*, 805 F.2d 637, 640 (6th Cir.

3

1986)).

**A. Evidence Known by the Defendant**

"The first prong of the *O'Dell* test requires the newly discovered evidence to be evidence not known by the defendant at the time of trial." *Seago*, 930 F.2d at 488. The "newly discovered evidence" here is the alleged ineffectiveness of Defendant's trial attorney. Defendant maintains that, after the seven-day period of limitations expired, he discovered an agent's exculpatory notes of an interview with Arnold, and he learned that it was his trial attorney's practice not to interview witnesses who also were co-defendants in the case. According to Defendant, if his trial attorney had made a reasonable investigation and interviewed Arnold, the attorney would have discovered Arnold's allegation that Defendant did not know Arnold was not working her assigned hours.

"[E]vidence of ineffective assistance of counsel is not newly discovered evidence for purposes of a motion for new trial where the facts supporting the claim were within the defendant's knowledge at the time of trial." *Seago*, 930 F.2d at 489. This "narrow interpretation of 'newly discovered' is justified by the heightened finality concerns and practical implications of Rule 33 motions based on new evidence." *Johnson v. United States*, 246 F.3d 655, 658 n.5 (6th Cir. 2001).

Defendant's theory at trial was that he was unaware of Verenda Arnold's failure to work her assigned hours. Defendant knew that his attorney did not intend to call Arnold as a defense witness, and he admits that he advised his attorney that Arnold could provide exculpatory evidence. Thus, the facts giving rise to Defendant's ineffectiveness claim were within his knowledge at the time of trial. Having observed his

4

attorney's alleged deficiencies during trial, Defendant cannot persuasively argue that such evidence is newly discovered. *United States v. Jackson*, 980 F.2d 731, No. 92-1117, 1992 WL 349318, at *4 (6th Cir. Nov. 27, 1992) (unpublished opinion).

Defendant argues that his attorney misadvised him concerning strategies that could have been used to acquire Arnold's testimony. However, the fact that Defendant may not have appreciated the significance of his attorney's failure to call Arnold as a witness is immaterial, because "belated discovery of a potential legal argument is not evidence." *United States v. Wade*, 93 Fed. Appx. 789, 790, 2004 WL 603914, at **1 (6th Cir. Mar. 23, 2004) (unpublished opinion); *see also Seago*, 930 F.2d at 490 ("A claim '[b]elatedly pursued is not newly discovered.'") (quoting *United States v. Molovinsky,* 688 F.2d 243, 248 (4th Cir. 1982)).

Tactical errors committed in the course of trial, such as a failure to pursue a particular defense, are facts within the defendant's knowledge at the time of trial. *Seago*, 930 F.2d at 489. The evidence itself, and not the legal implications or interpretation of the significance of the evidence, must be newly discovered. *Id.*; *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003). After conviction, if a defendant comes forward with exculpatory evidence that existed all along, but was merely unavailable earlier because she declined to testify, the evidence is not newly discovered. *United States v. Lockett*, 919 F.2d 585, 591-92 (9th Cir. 1990).

The Court concludes that the facts supporting Defendant's claim were within his knowledge before and during trial. Therefore, his ineffective-assistance-of-counsel claim does not satisfy the first prong of the *O'Dell* test.

**B. Diligence, Materiality, and the Likelihood of an Acquittal**

The Court need not consider the other *O'Dell* factors (whether the evidence could have been discovered earlier, is material, and would likely produce an acquittal), since Defendant failed to satisfy the first prong of the test. The failure to prove any one of the *O'Dell* factors is fatal to a motion for a new trial. *Sims*, 156 F. Supp.2d at 661 (citing *United States v. Freeman*, 77 F.3d 812, 817 (5th Cir. 1996)).

### III. Conclusion

Defendant has not shown that his trial attorney's alleged ineffectiveness is newly discovered evidence within the meaning of Rule 33(b)(1). Consequently, his motion was required to be filed within seven days of the jury's verdict. Fed. R. Crim. P. 33(b)(2). It was not. Therefore, the Court lacks jurisdiction to address the substantive merits of Defendant's claim. His Supplemental Motion for New Trial [Doc. 95] is **DENIED** as time-barred. **Defendant is to appear for sentencing on September 20, 2007 at 4:00 p.m.**

**IT IS SO ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 27, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 27, 2007.

s/Carol Pinegar
Deputy Clerk