UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NUMBER: 05-81027
                                  HONORABLE VICTORIA A. ROBERTS

v.

ALONZO BATES,

        Defendant.
_____/

**ORDER**:
**DENYING DEFENDANT'S MOTION TO VACATE, IN PART;**
**GRANTING THE GOVERNMENT'S MOTION TO DISMISS IN PART; AND**
**REQUIRING FURTHER BRIEFING ON DEFENDANT'S MOTION**

**I.     INTRODUCTION**

Defendant moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant challenges the Eastern District of Michigan's Jury Selection Plan and claims trial counsel provided ineffective assistance when he failed to object to jury selection procedures and to investigate a favorable witness. The Government moves to dismiss the motion to vacate, on grounds that Defendant currently has a direct appeal pending in the Sixth Circuit.

Defendant's motion to vacate is **DENIED** in part, and the Government's motion to dismiss is **GRANTED** in part. Further briefing is ordered on Defendant's claims of improper jury selection and ineffective assistance for failing to challenge the Eastern District of Michigan's Jury Selection Plan.

**II.    BACKGROUND**

On March 9, 2006, a grand jury returned a Superseding Indictment charging

Defendant Alonzo Bates with: mail fraud, in violation of 18 U.S.C. § 1341 (Counts I-IV); theft from a program receiving federal funds, in violation of 18 U.S.C. § 666 (Counts V-VIII); extortion, in violation of 18 U.S.C. § 1951 (Count IX); bank fraud, in violation of 18 U.S.C. § 1344 (Count X); and failure to file income tax returns, in violation of 26 U.S.C. § 7203 (Counts XI-XIV).

On August 22, 2006, Defendant pled guilty to Counts XI-XIV and the Government dismissed Counts I-IV. Defendant went to trial on the remaining counts, which were based in part on allegations that he used his position as a Detroit city councilman to employ and pay friends and relatives with public funds for work they did not perform. On August 31, the jury convicted Defendant on Counts V-VIII and X, but was unable to reach a verdict on Count IX.

On January 30, 2007, Defendant moved for a new trial under Federal Rule of Criminal Procedure 33. The motion concerned Count V, which charged Defendant with employing his former girlfriend, Verenda Arnold, and paying her the equivalent of 20 hours a week when she spent significantly less time on the job. Before Defendant's indictment, FBI Agent Michael Haynie interviewed Ms. Arnold and took handwritten notes. Agent Haynie indicated in his notes that Ms. Arnold said Defendant was not aware that she was not working 20 hours per week. Defendant claimed he did not learn about this statement until after trial, and accused the Government of withholding exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The Court held two evidentiary hearings on Defendant's motion; Ms. Arnold and Defendant's trial counsel testified at the second, on June 12, 2007. The Court denied the motion on July 26 (Dkt. #93).

On August 1, 2007, Defendant filed a supplemental Rule 33 motion, claiming new evidence revealed at the June 12 hearing established that counsel provided ineffective assistance by failing to interview Ms. Arnold and have her testify at trial. The Court denied the motion on August 27 (Dkt. #102). The Court held the facts giving rise to Defendant's ineffectiveness claim were within his knowledge at the time of trial, and thus did not constitute "new evidence" as defined by *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986).

On September 20, 2007, the Court sentenced Defendant to 33 months in prison on Counts V-VIII and X, and 12 months on Counts XI-XIV to be served concurrently. Defendant filed a notice of appeal on the same day; his appeal is pending in the Sixth Circuit Court of Appeals under docket no. 07-2183. According to the Sixth Circuit's website, the case awaits submission to a panel. 6th Cir. cases pending from E.D. Mich., http://www.ca6.uscourts.gov/case_reports/rptPendingDistrict_MIE.pdf (last visited Aug. 19, 2009).

For reasons that are unclear, Defendant's appeal brief cannot be found on the Sixth Circuit's website. However, the Government's brief in opposition, filed March 2, 2009, is available. According to the Government's brief, the sole issue raised on appeal is whether the Government's failure to provide Ms. Arnold's allegedly exculpatory statement to Defendant constitutes a *Brady* violation.

On February 27, 2009, Defendant filed this motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, claiming that: (1) trial counsel provided ineffective assistance when he failed to investigate a favorable witness who provided exculpatory evidence to the prosecution; (2) the grand and petit juries that indicted and

convicted Defendant were unrepresentative because they were drawn from an unconstitutional jury selection plan that discriminates against African-Americans; and (3) counsel was ineffective for failing to challenge the Eastern District of Michigan's Jury Selection Plan. (Dkt. #120).

The Government did not file a response to Defendant's motion to vacate. However, on March 10, 2009, the Government moved to dismiss the motion due to Defendant's pending appeal in the Sixth Circuit (Dkt. #124).

## III. ANALYSIS

The Government argues the Court should not consider Defendant's collateral attack on his conviction under 28 U.S.C. § 2255 until after the conclusion of his direct appeal. Defendant responds that the plain language of § 2255 compels the Court to exercise jurisdiction when a prisoner claims his sentence was "imposed in violation of the Constitution or laws of the United States."

In the Sixth Circuit, "in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) (*citing United States v. Gordon*, 634 F.2d 638, 638-39 (1st Cir. 1980); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968); *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965)). In *Capaldi* , the Sixth Circuit emphasized that a § 2255 application is "an extraordinary remedy and should not be considered a substitute for direct appeal," and noted that "determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." 135 F.3d at 1124

(*citing Davis*, 604 F.2d at 484-85). *See also* Advisory Committee Note to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("There is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255. However, the courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision. We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.") (*citing Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)); 3 Charles A. Wright, Nancy J. King & Susan R. Klein, *Federal Practice and Procedure: Criminal 3d* § 597, at 751 (3d ed. 2004) ("A motion under [§ 2255] is not proper while an appeal from the conviction is pending since disposition of the appeal may make the motion unnecessary. While there is no jurisdictional bar prohibiting the district judge from deciding the motion, the better practice is to dismiss it without prejudice pending resolution of the appeal." (footnotes omitted)).

As *Capaldi* makes clear, the Court cannot consider Defendant's § 2255 motion absent "extraordinary circumstances." *Capaldi* does not explain how to determine extraordinary circumstances, but the Seventh Circuit holds that "[w]hether extraordinary circumstances exist is a question the answer to which depends upon the balancing of the need for speedy relief against the need for conservation of judicial resources. The determination is best left to the sound discretion of the trial judge." *United States v. Davis*, 604 F.2d 474, 485 (7th Cir. 1979).

Defendant's motion cites claims of ineffective assistance and unconstitutional

jury selection which were not raised in his appeal to the Sixth Circuit. Weighing the need for speedy relief against the need for conservation of judicial resources requires assessing where Defendant's claims will be most effectively adjudicated in light of his pending appeal. If the Sixth Circuit can properly hear Defendant's claims, his § 2255 motion should be dismissed, since he can amend his appeal.

### A. Ineffective Assistance of Counsel Claims

The Supreme Court holds that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003). This is due to the fact that often, "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Id.* at 504-05. However, the Supreme Court acknowledged that, in certain cases, it may be preferable to address ineffective-assistance claims on direct appeal. *Id.* at 508-09.

Following the Supreme Court's lead, the Sixth Circuit generally declines to review ineffective-assistance claims on direct appeal. *See, e.g., United States v. Carver*, 179 Fed. Appx. 276, 279 (6th Cir. 2006) (unpublished); *United States v. Foster*, 376 F.3d 577, 593 (6th Cir. 2004). However, the court will consider on direct appeal claims "'presented with sufficient clarity and completeness' in district court.'" *Carver*, 179 Fed. Appx. at 279 (*quoting Pinney Dock & Transp. Corp. v. Penn Cent. Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988)). *See also Dibble v. United States*, 103 Fed. Appx. 593, 595 (6th Cir. 2004) (unpublished) ("[W]hen . . . the record is adequate to assess the merits of the defendant's allegations, some courts will consider them." *United States v.*

6

*Wunder*, 919 F.2d 34, 37 (6th Cir. 1990).  Having had the benefit of full briefing and oral arguments by both parties, we conclude that the record is adequate in this case . . .").

Defendant alleges his trial counsel provided ineffective assistance when he: (1) failed to investigate a favorable witness who provided exculpatory evidence to the prosecution; and (2) failed to challenge the Eastern District of Michigan's Jury Selection Plan.

### 1.     Failure to Investigate Favorable Witness

The Court believes the first ineffective-assistance claim is suitable for direct appellate review.  Defendant raised the exculpatory evidence issue in his first motion for a new trial.  The Court held two evidentiary hearings on the motion.  Agent Haynie, Ms. Arnold and Defendant's trial counsel testified.  These hearings form the basis of Defendant's ineffective-assistance claim.  The hearings addressed counsel's failure to obtain Agent Haynie's handwritten notes from the proffer session and to investigate whether Ms. Arnold could provide exculpatory testimony.  No further development is necessary to adjudicate Defendant's claim; conservation of judicial resources weighs in favor of its dismissal.

Defendant argues the need to provide speedy relief should compel the Court to review his ineffective-assistance claim.  He submits that, by the time the Sixth Circuit rules on his direct appeal, he may have completed his sentence.  Defendant was sentenced to 33 months on September 20, 2007; his putative release date is June 20, 2010.  He accuses the Government of "running out the clock" in hope that his direct appeal will take as long as it will take to complete his sentence.

Defendant provides no evidence to support his allegation that the Government

seeks to delay resolution of his claims beyond completion of his sentence. Moreover, Defendant's appeal before the Sixth Circuit appears to be proceeding, and he can easily amend it to have that court rule on his ineffective-assistance claim. *See Whitely v. United States*, Nos. 2:08-cv-795, 2:00-cr-2042008, U.S. Dist. LEXIS 98509, at *2-3 (S.D. Ohio Dec. 5, 2008) (unpublished) (denying § 2255 motion because defendant's appeal was "timely proceeding to resolution" and "may resolve" the claims raised).

Defendant's claim of ineffective assistance for failure to investigate Ms. Arnold can be properly addressed by the Sixth Circuit, and the need for speedy relief does not outweigh the need to conserve judicial resources. Therefore, the "extraordinary circumstances" requirement is not met, and the Court declines to review Defendant's claim pending resolution of his direct appeal. *See Capaldi* 135 F.3d 1122, 1124; *Davis*, 604 F.2d at 485.

### 2. Failure to Challenge Jury Selection Plan

Defendant raises this claim for the first time, and the record on the issue was not developed in earlier proceedings. Therefore, the Sixth Circuit would likely refuse to hear it on direct appeal. *See, e.g., Foster*, 376 F.3d at 593 (declining to hear ineffective-assistance claim "[b]ecause the record is inadequate for appellate review"). Moreover, a Sixth Circuit ruling on counsel's alleged failure to investigate Ms. Arnold will not affect this Court's determination on whether counsel should have opposed the Jury Selection Plan, because these issues are unrelated. Therefore, it is not improper for the Court to hear this claim while Defendant's appeal is pending in the Sixth Circuit.

However, Defendant's briefing of this ineffective assistance claim is wholly inadequate, and does not even mention, let alone apply, the analysis set forth in

*Strickland v. Washington*, 466 U.S. 668 (1984). If Defendant intends to pursue this claim, he must fully brief how counsel's failure to object to the Jury Selection Plan before the beginning of his trial constitutes ineffective assistance under *Strickland*.

**B.     Jury Selection Claims**

Defendant asserts that the Jury Selection Plan of the Eastern District of Michigan used to select the grand and petit juries that indicted and convicted him discriminates against African-Americans. Defendant claims this Jury Selection Plan violates his rights under the Jury Selection and Service Act ("the JSSA" or "the Act"), 28 U.S.C. § 1861 et seq., and the Fifth Amendment of the United States Constitution.

Defendant's jury selection claims cannot be heard in the Sixth Circuit without being first raised in this Court. *See United States v. Ovalle*, 136 F.3d 1092, 1108 n.17 (6th Cir. 1998) ("By failing to object to the jury selection system at the district court level, [the appellants] have forfeited their opportunity to raise the challenge on appeal.") (citation omitted). Moreover, Defendant's appeal as now postured does not address jury selection. Therefore, there is no risk that considering these claims will unnecessarily expend judicial resources.

The length of Defendant's sentence also weighs in favor of proceeding on his jury selection claims. Assuming these claims have merit, unless the Court reviews them soon, Defendant may not get the relief to which he is entitled before his June 2010 release.

The need for speedy relief on Defendant's jury selection claims outweighs the judicial efficiency prong of the *Davis* test. Therefore, it is not improper for the Court to hear these claims while Defendant's appeal is pending.

However, Defendant's brief again fails to address several important issues, including whether his claims are time-barred or waived. Further briefing is necessary before the motion to vacate can proceed.

## IV.     CONCLUSION

Defendant fails to show extraordinary circumstances to proceed on his claim of ineffective assistance for failure to investigate a favorable witness. *United States v. Davis*, 604 F.2d at 485. Defendant's ineffective assistance of counsel claim is sufficiently developed for resolution on direct appeal, and considerations of judicial economy weigh against reviewing it here. Therefore, the Court **DENIES** this part of Defendant's Motion to Vacate, Set Aside or Correct Sentence and **GRANTS** the Government's Motion to Dismiss in part.

On the other hand, Defendant's claim that counsel was ineffective for failing to oppose the Eastern District of Michigan's Jury Selection Plan is not fully developed, and cannot be raised on direct appeal. Moreover, extraordinary circumstances justify considering Defendant's challenge to the Jury Selection Plan. Therefore, the Court **DENIES** the Government's Motion to Dismiss these claims.

FURTHERMORE, since Defendant's brief does not properly address several key issues, the Court **ORDERS** Defendant to file a supplemental brief answering the following questions:

1. Why Defendant's Jury Selection and Service Act Claim is not time-barred;
2. Why Defendant did not waive his constitutional claims pertaining to the Eastern District of Michigan's Jury Selection Plan; and

3.  How counsel's failure to object to the Jury Selection Plan before trial constitutes ineffective assistance.

Defendant's supplemental brief is due on **Friday, September 4, 2009**. The Government's Response, which must address the portion of Defendant's motion to vacate related to jury selection and the supplemental brief, must be filed by **Friday, September 11, 2009**. Defendant's Reply is due on **Thursday, September 17, 2009**. The Court will hear oral arguments on **Wednesday, September 23, 2009,** at **2:00 PM**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 21, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 21, 2009.

s/Carol A. Pinegar
Deputy Clerk

11