**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**ALONZO W. BATES,**

        **Petitioner,**        **CASE NUMBER: 05-81027
HONORABLE VICTORIA A. ROBERTS**

**v.**

**UNITED STATES OF AMERICA,**

        **Respondent.**
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

On December 15, 2009, the Court denied the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

An appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability ("COA") is issued either by a circuit court or district court judge. *See* 28 U.S.C § 2253(c)(1)(A) and F.R.A.P. 22(b). If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).

In order to obtain a certificate of appealability, a prisoner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates that the issues raised are debatable among reasonable jurists, that the court could resolve issues differently, or that the questions deserve to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983).

1

The Supreme Court recently explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "A prisoner seeking a COA must prove 'something more than absence of frivolity' or the existence of mere 'good faith' on his or her part." *Id*. at 338 (quoting *Estelle*, 463 U.S. at 893). However, the Supreme Court stated that a prisoner need not prove that some jurists would grant the petition for habeas corpus. *Id*. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id*.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. *See Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (*per curiam*). If granted, the Court must identify the issues for which the applicant made the required showing. 28 USC § 2253(c)(3); F.R.A.P. 22(b). Where the petition for writ of habeas corpus was dismissed on procedural grounds, "[d]etermining whether a COA should issue . . . has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Petitioner was convicted on August 31, 2006, of four counts of Theft From Program Receiving Federal Funds, in violation of 18 U.S.C §666; one count of Interference with Commerce by Extortion, in violation of 18 U.S.C §1951; and, one count of Bank Fraud, in violation of 18 U.S.C. §1344. Petitioner sought habeas relief for

his convictions on the following grounds:

    A.    Ineffective of Assistance of Counsel for Failing to Investigate Favorable Witness Who Provided to the Prosecution Exculpatory Evidence.

    B.    Petitioner's Constitutional Rights were Violated by a Jury Selection Plan that Discriminates Against Blacks in Favor of White Jurors.

On review, the Court declined to review Petitioner's claim for failure to investigate a favorable witness; this claim could be properly addressed by the Sixth Circuit on direct appellate review.

The Court denied Petitioner's claim that his constitutional rights were violated by the Jury Selection Plan. Petitioner's claim under the Jury Selection and Service Act was time-barred, and Petitioner failed to establish a prima facie violation of the Fifth Amendment. In addition, Petitioner's claim under the Sixth Amendment was procedurally defaulted, he could not show that actual prejudice resulted from the alleged constitutional deficiency, nor could he show that African Americans are systematically excluded from Detroit-Division juries by elements inherent in the Eastern District's Juror Selection Plan.

The Court finds Petitioner has not made a substantial showing that his Fifth and Sixth Amendment rights were violated, reasonable jurists cannot disagree that his Jury Selection and Service Act claim was time-barred, reasonable jurists cannot disagree that his Sixth Amendment claim was procedurally defaulted, and reasonable jurists cannot disagree that Petitioner could not show actual prejudice.

The Court **DENIES** to issue a Certificate of Appealability.

**IT IS ORDERED.**

                    **S/Victoria A. Roberts**
                    **Victoria A. Roberts**
                    **United States District Judge**

**Dated: July 23, 2010**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 23, 2010.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**